UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 06-95-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD L. GRAHAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Donald Graham was convicted on July 18, 2008, of two counts of a conspiring to distribute and possessing with intent to distribute crack cocaine (Counts 1 and 7) and of one count of distributing crack cocaine (Count 6) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2.  Because Graham has two prior felony drug convictions, 21 U.S.C. § 841(b)(1)(A) provides that the statutory term of imprisonment for the conspiracy convictions shall be life.[1]

Notwithstanding the mandatory statutory provisions, Graham has moved the Court to impose a sentence that is proportional to the conduct of his co-Defendants, Jermaine Goodwin and William Howard.  He requests that, under the circumstances of the case, he sentence should

---

[1] Because of his prior felony convictions, Graham faces an enhanced statutory penalty of not less than ten years imprisonment for his distribution conviction under Count 6 of the Indictment.

be no more than double the sentence of Defendant Goodwin, which would be 168 months of incarceration, followed by the maximum period of supervised release. [Record No. 130][2]

Having considered the arguments contained in the Defendant's March 13, 2008, motion,[3] the Court will deny the requested relief for the reasons asserted therein by counsel. Specifically, the Court does not find or conclude that imposition of a mandatory life sentence following the Defendant's third felony drug conviction violates the Eighth Amendment to the United States Constitution. Likewise, the Court does not believe that the Defendant's sentence should be no more than double the sentence imposed on his co-Defendants as counsel suggests.

## I. Relevant Facts

Beginning in September 2006, the Northern Kentucky Drug Task Force engaged in a number of drug transactions with co-Defendant Goodwin through the use of a confidential informant ("CI"). On October 17, 2006, a drug transaction was arranged whereby the CI would purchase approximately three ounces of crack cocaine at Goodwin's apartment. Upon arriving at Goodwin's apartment, the CI was informed that Goodwin's supplier was on his way to deliver the cocaine. Approximately thirty minutes later, Defendant Graham arrived with co-Defendant Howard. Goodwin, acting as the middleman, received $2,500 from the CI and then met in a

---

[2] On July 30, 2008, Defendant Graham's counsel filed a Supplemental Memorandum in Support of Motion to Disregard Life Sentence [Record No. 149] The issues raised in this Supplemental Memorandum will not be addressed herein, but the parties should be prepared to address them during the sentencing hearing scheduled for August 1, 2008.

[3] This matter was assigned to the undersigned following trial. [Record No. 147] The factual summary of the case is taken in large part from Graham's Presentence Investigation Report and Defendant's initial motion [Record No. 130].

bedroom with Defendant Graham. Goodwin returned a short time later and delivered a bag of suspected crack cocaine to the CI. Graham and the co-Defendants were subsequently arrested.

Although Graham proceeded to trial, co-Defendants Howard and Goodwin entered guilty pleas and cooperated with the government in the prosecution of Graham. Goodwin was sentenced on August 2, 2007, to a term of imprisonment of 84 months, to be followed by five years of supervised release. Howard was sentenced on October 26, 2007, to a term of imprisonment of 70 months, to be followed by four years of supervised release. Both co-Defendants received a reduction in their sentences for cooperation. Following a three day jury trial, Graham was found guilty of the conspiracy charges contained in Counts 1 and 7 and the distribution charge contained in Count 6. The quantity of crack cocaine (cocaine base) attributed to Graham was determined to be between 150 and 500 grams.

The Presentence Investigation Report indicates that Defendant Graham has several felony convictions, including convictions for drug trafficking and trafficking in cocaine from the Hamilton County Common Pleas Court (*see* Presentence Investigation Report, ¶¶ 44, 49).[4] As a result of the third conviction herein, Graham is subject to a mandatory life term under § 841(b) which provides that, "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding section." 21 U.S.C. § 841(b).

---

[4] Counsel for Graham concedes that the Defendant has two prior felony drug convictions that have become final.

## II.     Analysis

Although counsel concedes that Graham has the requisite two prior felony convictions, he contends that he was originally charged as a juvenile in connection with the first conviction and, as a result, that conviction should be discounted because such convictions "are typically not counted as prior felony convictions." However, as the Presentence Investigation Report indicates, while Graham was initially charged as a juvenile, he was prosecuted and sentenced as an adult. (*See* Presentence Investigation Report, ¶ 44.) Such treatment forecloses any argument that this conviction should be ignored under § 841(b).

Next, Graham asserts that, while he received a second felony drug conviction for trafficking in cocaine in 1997 and was sentenced to eighteen months incarceration, he was only sentenced to six months confinement on each of two counts of his first conviction (with those sentences to run concurrently). Thus, he argues that this Court is faced with a Hobson's choice of imposing a life sentence which is required by statute when the Defendant's two qualifying convictions only resulted in two years incarceration and were imposed over ten years ago. According to the Defendant, imposition of a life sentence for the current conviction would be clearly disproportionate.

Finally, Graham contends that imposition of a mandatory life sentence under 21 U.S.C. § 841(b) would be arbitrary under the analysis set out in a California district court opinion. *United States v. Grant*, 524 F.Supp.2d 1204 (C.D.Ca. 2007). As a result, he asserts that he should receive no more than double the sentence of co-Defendant Goodwin, who was sentenced

to 84 months of incarceration after receiving credit for his assistance to the government in prosecuting Graham.

Having reviewed the Defendant's arguments and authorities, the Court concludes that imposition of a life sentence under 21 U.S.C. § 841(b) would not violate the Eighth Amendment. Both Supreme Court and Sixth Circuit precedent supports this conclusion. In *Harmelin v. Michigan*, 501 U.S. 957 (1991), a plurality of the Supreme Court rejected the argument that a statutorily-required life term of imprisonment was disproportionate even though the conviction in issue was the defendant's first felony conviction. As the Court noted, " the Eighth Amendment does not require strict proportionality between the crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime*." Id.* at 1001. Likewise, in *United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994), the Sixth Circuit adhered to the narrow proportionality principle articulated in *Harmelin, supra,* and rejected a defendant's argument that a life sentence for conspiracy to distribute 177.8 grams of crack cocaine was unconstitutional. The court concluded that imposition of a life sentence resulting from the defendant's third drug conviction was not grossly disproportionate.

The Sixth Circuit again addressed this issue in *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000), recognizing that this circuit has adopted the narrow proportionality principle of *Harmelin, supra,* in concluding that only an extreme disparity between the crime and sentence offends the Eighth Amendment. And in *United States v. Odeneal*, 517 F.3d 406 (6th Cir. 2008), the court rejected the contention that the defendant's sentence was grossly disproportionate to

the crime of conviction.[5] Citing *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003), the court held that the United States Constitution does not require proportionality between defendants. *Odeneal*, at 414. In reaching this conclusion, the court noted that defendants cannot be compared for proportionality purposes where one defendant plays a minor role, pleads guilty, and cooperates with the government. *Id.*

In summary, while the Defendant has cited one California decision which rejects the mandatory minimum sentences set by Congress, other binding authorities recognize that such minimums do not violate the Eighth Amendment to the United States Constitution under similar factual situations.

In the present case, Defendant Graham has two qualifying felony drug convictions. His current conviction involves a large drug conspiracy in which he supplied substantial quantities of crack cocaine for distribution into the Northern Kentucky area. Although Graham is a relatively young man, he has been involved in drug distribution and other criminal activities for at least ten years. It does not appear that his prior convictions have diminished his desire to continue his criminal conduct. And as outlined above and explained more fully in the Presentence Investigation Report, Graham's third felony drug conviction involved at least 150 grams of crack cocaine. Under these circumstances, it is clear that imposition of a life sentence would not violate the Eighth Amendment to the United States Constitution.

---

[5] In *Odeneal*, the Defendant also argued that his life sentence violated the Eighth Amendment because he only served 90 days imprisonment for his prior drug-related convictions and that his prior felonies did not involve any personal injury or property damage. *Id.* at 413-414. The Sixth Circuit rejected these arguments.

### III. Conclusion

For the reasons discussed herein, it is hereby

**ORDERED** that the Defendant's motion to disregard the mandatory life sentence required by 21 U.S.C. § 841(b) because of claims that such a sentence would be grossly disproportionate to the crime or the sentences imposed on the co-Defendants [Record No. 130] is **DENIED**.

This 31st day of July, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge